JOSEPH LAVELLE *vs.* NEHEMIAH KIMBALL.

The Judiciary Act makes a distinction between a *decision* of the court and a *judgment*; the scheme of the act being that in actions at law there shall be, 1, a decision of the court, and, 2, a judgment. Cap. 26, § 1.

An entry of the defendant's submission to judgment made on the papers in a case is to be taken as a docket entry equivalent to a decision. Cap. 19, § 17.

Hence, where an entry made on the papers in a case in a District Court was that the defendant submits to judgment for $73.75, and the defendant, within two days after the entry, filed a claim for jury trial,

*Held*, that the claim for jury trial took the case to the Common Pleas Division of the Supreme Court, and that the dismissal of the case by that Division was erroneous.

DEFENDANT'S petition for a new trial.

The defendant submitted to judgment for $73.75, in the District Court of the Ninth Judicial District, October 6, 1894. The entry made on the papers was "Deft. submits to Judgment for $73.75." Defendant's claim for jury trial was filed October 8, 1894.

*February 2, 1895.* PER CURIAM. We are of the opinion that the defendant's petition for a trial in the Common Pleas Division should be granted.

The Judiciary Act, cap. 26, § 1, provides that in all answered cases there shall be a decision of the court and judgment on the seventh day following except as provided in said section. The section also provides that in cases of submission to judgment, judgment may be entered at any time thereafter on ex parte motion and proof of claim. This provision, however, relates only to the entry of judgment and does not alter the other provision relating to a decision. The scheme of the act seems to be that there shall be, 1, a decision of the court, and, 2, a judgment. By § 17, cap. 19, of

said act, the entries on the docket or papers are deemed to be a decision within the use of that term in the act. The only entry on the papers presented to us is defendant's submission to judgment for $73.75. This, then, must be taken as a docket entry equivalent to a decision. There is no entry of any judgment actually rendered. Within two days after the entry on the papers, the claim for jury trial was filed. This took the case to the Common Pleas Division. The dismissal of the case by the Common Pleas Division was, we think, erroneous.

*Samuel S. Stone & Edward F. Lovejoy,* for plaintiff.
*James A. Williams & Clifford S. Tower,* for defendant.