WILLIAM L. DORNEY, Assignee, vs. M. IVES.

APRIL 13, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Submission to Decision.   Jury Trial.*
The submission by a party to an entry of "decision" against him in a district court without trial upon the merits, does not deprive him of the right to claim a jury trial thereafter.

REPLEVIN.   Heard on exception of plaintiff and sustained.

PARKHURST, J.   This was an action of replevin brought in the district court of the sixth judicial district.   The case was answered on the return day, May 19, 1913, and the defendant thereafter filed special pleas, by agreement of counsel, September 5, 1913; the case stood continued by agreement until September 9, 1913, when the following entry was made: "September 9, 1913.   By agreement, decision for the defendant for return and restoration, $25 and costs.   Nathan M. Wright, Clerk."

Within two days thereafter the plaintiff claimed a jury trial and paid the costs taxed by the clerk, and on September 12, 1913, the clerk certified the case and papers to the Superior Court for Providence county.   After the papers were received in the Superior Court, the defendant filed his motion to dismiss and to order the papers in the case sent back to the district court, on the ground that no claim for a jury trial could be made by the plaintiff after the decision above quoted had been entered by consent.   Upon hearing by a judge of the Superior Court this motion was granted; the plaintiff took his exception, and has duly prosecuted his bill of exceptions to this court.

The sole question raised is whether the judge of the Superior Court erred in dismissing the claim for a jury trial on the ground that the plaintiff could not claim a jury trial

after he had consented to the entry of a decision in the district court as above set forth.

The plaintiff claimed a jury trial under Section 7, Chapter 286, General Laws of R. I., 1909, which reads as follows: "In all civil cases in a district court the plaintiff or defendant may claim a jury trial in writing on the entry-day of the writ, and either plaintiff or defendant may claim a jury trial in writing within two days, exclusive of Sundays and legal holidays, after the decision is made;" . . . "*Provided*, that the party claiming such jury trial at the time of claiming the same shall pay all costs;" . . .

Substantially the same question was raised in *Lavelle* v. *Kimball*, 18 R. I. 786, where in a district court the defendant submitted to judgment, and within two days thereafter claimed a jury trial, and the case thereupon having been certified to the Common Pleas Division, was on motion dismissed. This court held that the defendant's submission to judgment and the entry thereof upon the papers was equivalent to the entry of a decision under the statute (which was similar to the one above quoted); there was no entry of any judgment actually rendered by the district court; and that the dismissal of the case by the Common Pleas Division was erroneous.

We see no distinction in principle between the case of *Lavelle* v. *Kimball* and the case at bar. The provisions of the statute above quoted give to the parties to a district court action, or either of them, an option to claim a jury trial either before or after "decision," and "decision" is recognized by the statute as a first step leading to a "judgment," but not as a "judgment" in a technical sense. (*Lavelle* v. *Kimball, supra.*) In the case at bar, the entry of a "decision" for the defendant, by consent, places the plaintiff in no other or worse condition than he would have been had he tried his case in the district court and had a "decision" against him by the court upon the merits of the case; he would still have the right to claim a jury trial under the statute. Although it has been held by this court that a

claim for jury trial under the statute is "in the nature of an appeal," *Bassett* v. *Lœwenstein*, 22 R. I. 468, 470, and is "tantamount to an appeal," *Wilbur* v. *Best*, 22 R. I. 550, 551; yet the fact that either of the parties by consent has submitted to an entry of "decision" in the district court, without trial upon the merits, cannot be held to deprive him of the right to claim a jury trial which he is entitled to have under the plain provision of the statute.

The Superior Court was therefore in error in the case at bar in dismissing the plaintiff's claim for a jury trial; the plaintiff's exception is sustained, and the case is remitted to the Superior Court for a jury trial.

*George W. Bennett, Jr.*, for plaintiff.
*W. Louis Frost*, for defendant.