STATE *vs.* THOMAS J. KILDAY.

NOVEMBER 2, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J.   This is a criminal complaint charging the defendant with operating a motor vehicle on August 6, 1958 upon a public highway of this state, in the city of Warwick, at an unreasonable speed.   After the state's demurrer to the defendant's plea in abatement was sustained, the case was tried before a justice of the superior court sitting with a jury.   The defendant was found guilty and thereafter prosecuted the instant bill of exceptions.   The case is here solely on his exception to the ruling of the trial justice sustaining the state's demurrer.   No transcript of evidence has been filed in this court, and the only record before us is the pleadings.

In the first count of his plea, defendant contends in substance that the police officers of Warwick are without authority to arrest persons unlawfully operating motor vehicles on state highways within the territorial limits of the city.   He has cited certain statutes dealing with the construction and maintenance of state highways.   He has also cited other statutes which regulate the power of municipalities with relation to traffic control.   But no statute has been cited by him which takes away from municipalities the power to police highways within their territorial limits.   Nor has he cited any statute whereby the state has preempted such power with respect to state highways within the territorial limits of municipalities.   It would be unreasonable to assume that the legislature intended, by the incorporation of certain highways into the state highway system, to divest municipal police of the power to enforce state laws on such highways within their territorial limits.

In the second count defendant alleges that on August 7, 1958 he voluntarily went to the Warwick police station to

assist the police in a criminal investigation; that he arrived there at 2:15 p.m.; that ten minutes later an officer of the department imprisoned him in a cell without any cause whatsoever; and that he was kept in a cell until 9 o'clock on the following morning when he was arraigned in the fourth judicial district court on a charge of operating a vehicle at an unreasonable rate of speed.

There is no merit in defendant's contention that such detention was a cruel and unusual punishment in violation of sec. 14 of article I of the state constitution. Nor is there any merit in his contention that the provisions of general laws 1956, §§12-7-11 and 12-7-12, are mandatory.

Section 12-7-11 provides that "In any case in which a peace officer is authorized to arrest without a warrant a person for a misdemeanor, he may instead issue to him a summons * * *" substantially in the form prescribed in that section.

Section 12-7-12 provides: "The officer in charge of any police station may release any person in his station who has been arrested without a warrant: (a) Without requiring such person to appear in court, when he is satisfied that there is no ground for making a criminal complaint against such person or when such person has been arrested for drunkenness but in the judgment of the officer need not be brought before a magistrate; or (b) If the arrest is for a misdemeanor, upon that person signing an agreement to appear in court at a time designated."

The word "may" as used in §§12-7-11 and 12-7-12 is directory and not mandatory. Under these sections peace officers and officers in charge of police stations are vested with discretionary power. In the instant case the police in the exercise of such discretion saw fit not to issue a summons or to release the defendant. Instead the officer in charge of the station held defendant for arraignment on the following morning in accordance with the provisions of §12-7-13. The pertinent portions of that section are as fol-

lows: "Every person arrested shall be released either on bail or as provided in §12-7-12 or shall be brought before a judge of the district court within twenty-four (24) hours from the time of his arrest * * *."

It is undisputed that defendant was brought before a district court and formally charged within twenty-four hours from the time of his arrest. The defendant's allegation that he was imprisoned "without any cause whatsoever" is ambiguous. Apparently he contends that he was illegally arrested on the ground that the arresting officer did not comply with the provisions of §12-7-1. That section authorizes the temporary detention of persons suspected of crime for a period not to exceed two hours and provides that at the end of such two-hour period the person so detained "shall be released unless arrested and charged with crime."

The defendant seems to construe §12-7-1 to mean that a person thus detained must be charged with an offense sometime within the prescribed two hours after the detention commenced, and that if this procedure is not followed the detention is illegal and no charge can be brought against the person at a later time while he is under such illegal detention. We do not agree with this construction.

In our opinion the clear intent of the statute is to prohibit detention for an unreasonable period without formally charging the person so detained with an offense, but not to prescribe a limit of two hours within which the charge must be brought. The statute definitely prescribes a limitation of two hours within which the arresting authority must either decide to release the person detained or continue him in detention with the ultimate obligation of formally charging him with an offense and bringing him before a court for arraignment. When the arresting officer fails to follow that course and holds a person beyond the prescribed period of two hours, such detention becomes unlawful *ab initio* and subjects the arresting officer to liability for false imprisonment. Prior to the enactment of this

statute, public laws 1941, chapter 982, section 1, now G. L. 1956, §12-7-1, it was illegal to detain a person for any purpose other than to take him before a magistrate and charge him with an offense. See *Kominsky* v. *Durand*, 64 R. I. 387.

Since the pleadings in the instant case disclose that defendant was formally charged and duly arraigned before the district court the next day, the second ground pleaded in abatement does not avail him. There is no merit in the defendant's contention that he was entitled to communicate with counsel before his arraignment.

For the foregoing reasons it is our opinion that the trial justice did not err in sustaining the state's demurrer.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent, Attorney General, Alfred E. Motta,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.