JOHN G. HANLEY *vs.* HAROLD V. LANGLOIS, *Warden.*

NOVEMBER 15, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This petition for a writ of habeas corpus was filed on October 10, 1961. The writ was issued the same day. On October 23, 1961, the return day thereof, the petition was heard by this court. The petitioner, who was represented by the public defender, alleges that he is being held in custody and deprived of his liberty by the respondent without due process of law in violation of article I, sec. 10, of the state constitution and article XIV of amendments to the federal constitution. He prays that this court order his discharge forthwith.

It appears that on July 10, 1943 petitioner was on parole from the department of correction of the Commonwealth of Massachusetts. On that day he was arrested in the city of Pawtucket upon two complaints by the police of that city charging him with carrying a concealed weapon and with possession of burglar's tools. On his arraignment the following day he pleaded not guilty to the charges and bail was set at $10,000. Being unable to provide bail at that time, he was committed to the adult correctional institutions to await a district court hearing on July 22, 1943.

On July 12, 1943 he furnished bail, but upon his release was immediately taken into custody by the Providence police and held for the parole authorities from Massachusetts

for return to that state as a parole violator. On the same day he was taken by parole officers of Massachusetts and, without a hearing of any kind, was delivered by them to the reformatory at Concord, Massachusetts, where he served a period of twenty-one months. In the prayer of his petition he alleges that the state of Rhode Island consented to his removal to Massachusetts.

It appears from the records which have been certified to this court that on October 21, 1943 the grand jury for the counties of Providence and Bristol returned indictments Nos. 21992 and 21993 charging him with the offenses for which he had been arrested by the Pawtucket police on July 10, 1943. Upon the completion of his term at the Concord reformatory on April 26, 1945, he was taken into custody by the Pawtucket police on a capias issued by the superior court and, without a hearing, brought back to this state. He was immediately delivered to the department of the attorney general for appearance before the superior court. Because of the lateness of the hour he was not arraigned until the following day, April 27, 1945, when he was brought before a justice of the superior court. He was not represented by counsel at the arraignment. Upon his plea of nolo contendere to each indictment his sentence was deferred in both cases.

It appears from the record in indictment No. 21992 that on April 23, 1960 a capias was issued by the superior court for the apprehension of petitioner; that on April 26, 1960 he was brought before the superior court on the capias and his case continued for sentence; and that on May 17, 1960 he was sentenced and committed to the adult correctional institutions for a term of three years on each indictment for violation of the deferred sentences which he had received on his plea of nolo to the indictments on April 27, 1945. The petitioner contends that the record of the proceedings on May 17, 1960 should be quashed and his release from further imprisonment ordered forthwith.

The contention of petitioner that his removal to Massachusetts was not carried out in compliance with the provisions of G. L. 1956, §13-9-2, the uniform act for out of state parolee supervision, is without merit. That statute authorizes the governor of this state, with the consent of the congress of the United States, to enter into a compact on behalf of this state with any of the other states, in the manner and for the purposes set forth therein.

The state of Rhode Island and the commonwealth of Massachusetts entered into such a compact. In so far as it pertains to the instant case, the compact authorizes Massachusetts to permit any person convicted of an offense in that state and released on parole to reside in Rhode Island under certain conditions. The compact also authorizes duly accredited officers of Massachusetts to enter this state and apprehend and retake any person so paroled. It further provides that the decision of Massachusetts to retake such person shall be conclusive and not reviewable within this state.

The pertinent portion of G. L. 1956, §13-9-2, which petitioner contends was violated reads as follows:

"* * * provided, however, that if, at the time when a state seeks to retake a probationer or parolee, there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

The petitioner does not attack the validity of the statute. But he argues that under the language of §13-9-2 the final disposition of the charges pending against him in this state was a condition precedent to his removal to Massachusetts. We do not agree with his interpretation of those provisions. The language is clear and means exactly what it says. His removal to Massachusetts was conditioned only upon the consent of this state. Such consent, he alleges, was given.

He, therefore, has failed to show noncompliance by this state.

In any event, he contends that by consenting to his removal, this state waived its jurisdiction to subsequently indict and prosecute him on the charges pending against him here. This contention lacks merit. Under the compact the states of Rhode Island and Massachusetts granted to each other certain privileges, including consent for the removal of parolees from one state to the other under the conditions set forth in the compact. But each state reserved to itself the power to withhold such consent where there is a charge pending against a parolee. This power was not reserved for the benefit of the parolee and therefore it avails him nothing. Each state reserved this power to consent to the removal of a parolee who had charges pending against him for the purpose of deciding for itself in each case whether it would release the parolee to the other state before or after the disposition of the charge or charges pending against such parolee in the particular state. In our opinion the consent given to the removal of petitioner did not constitute a waiver of this state's jurisdiction to indict and prosecute petitioner on the charges pending against him in this state.

There is no merit to petitioner's argument that his removal constituted, in legal effect, a reprieve by the governor of this state under art. VII, sec. 4, of the state constitution. The petitioner cites *Ex parte Guy*, 41 Okla. Crim. 1, *State* v. *Saunders*, 288 Mo. 640, 651, *People* v. *Bartley*, 383 Ill. 437, *Roberts* v. *Reilly*, 116 U. S. 80, 96, and other cases. The cases cited are not in point either directly or by way of analogy. They did not arise under statutes similar to the one in the instant case. Rather they involved action by the governor of the states in question with respect to defendants already convicted and serving sentences resulting from such convictions.

There is likewise no merit in his contention that his re-

moval to Massachusetts deprived him of his constitutional right to a speedy trial of the charges pending against him in Rhode Island. See *Hoag* v. *State of New Jersey*, 356 U. S. 464. Moreover there is nothing in the record before us indicating that he ever demanded a trial on those charges. In the circumstances his complaint is not timely. See *Orabona* v. *Linscott*, 49 R. I. 443.

We shall next consider petitioner's contention that his constitutional rights under arts. VI and XIV of amendments to the federal constitution and art. I, sec. 10, of the state constitution were violated when the superior court accepted his plea of nolo to both indictments without benefit of counsel. Article VI of amendments to the federal constitution and art. I, sec. 10, of the state constitution provide that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel in his defense. In *State* v. *Kilday*, 90 R. I. 91, 155 A.2d 336, this court in effect held that an accused was not entitled to communicate with counsel *before* his arraignment. However, the right of an accused, at his arraignment and during the trial of his case, to have the benefit of counsel and to consult and communicate with him, was implicit in that decision.

The petitioner unquestionably had a right to the benefit of counsel at his arraignment. But there is nothing in the record before us indicating that his right to counsel was violated. The only allegation in the petition on this issue is that he pleaded nolo contendere without benefit of counsel. There is no claim by petitioner that he was not advised by the court of his right to have counsel. Nor does he allege that he requested or was denied the opportunity to consult or engage counsel, or that he was unable to do so for any reason, financial or otherwise. Finally, we find nothing in the record showing that because of ignorance, illiteracy, immaturity or the like he was incapable of making up his own mind in deciding to plead as he did and enter into an agreement with the state whereby sentence on each

indictment was deferred. In such circumstances we cannot say that fairness and justice require us to hold that petitioner was deprived of due process of law within the meaning of the fourteenth amendment. See *Moore* v. *Michigan*, 355 U. S. 155, 161, where the majority of the court held that when the defendant in a state case has established his constitutional right to the benefit of counsel, he has the burden of showing, by a fair preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel. The petitioner in the case at bar has not sustained such burden.

*Powell* v. *Alabama*, 287 U. S. 45, which petitioner cites, is factually distinguishable from the case at bar and is not in point.

The petition for a writ of habeas corpus is denied and dismissed, our order remanding the petitioner to custody pending determination of his petition is hereby made absolute, and the writ heretofore issued is quashed.

### ON MOTION FOR REARGUMENT.

#### NOVEMBER 28, 1961.

PER CURIAM. After our opinion was filed in the above entitled cause, the petitioner, pro se, moved for leave to reargue.

Upon consideration thereof the court is of the opinion that no good reason is advanced for a reargument and the petitioner's motion is therefore denied.

*John G. Hanley,* pro se, *Leo Patrick McGowan,* Public Defender, for petitioner.

*J. Joseph Nugent,* Attorney General, *Edward A. Capomacchio,* Special Counsel for state, for respondent.