259 A.2d 114.

GREEN STIDHAMS *vs.* SHARON MCPHERSON.

NOVEMBER 26, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. Almost seventy-five years ago this Court decided that a party by submitting to a decision against himself in the District Court was not thereby precluded from appealing that decision to the Common Pleas Division of this Court, where in appropriate circumstances he was entitled to a jury trial and in all events to a trial de novo. *Lavelle* v. *Kimball,* 18 R. I. 786, 31 A. 166 (1895). The creation of the Superior Court in 1905 and its succession to the jurisdiction formerly exercised by the Common Pleas Division did not alter the *Lavelle* rule. *Dorney* v. *Ives,* 36 R. I. 276, 90 A. 164 (1914). And while the legislation governing civil appeals from District Court dispositions has several times been amended[1] since then, the basic procedures

---

[1]From the enactment of the Judiciary Act of 1893 until 1929, the statute regulating appeals in civil cases (except in those for possession of tenements), originating in the District Court, provided for appellate review to be initiated by claiming a jury trial within two days after decision in the District Court. Judiciary Act 1893, chap. 17, sec. 7; Court & Practice Act 1905, chap. 15, sec. 272; G. L. 1909, chap. 286, sec. 7; G. L. 1923, chap. 336, sec. 7. During that period civil cases in the Common Pleas Division and, after 1905, in the Superior Court, whether originating there or there on

prevailing when *Lavelle* and *Dorney* were decided have remained the same, and the rule permitting a consenting party to appeal from a District Court disposition has not been challenged. Such long acquiescence in a recognized practice is not without significance. *City of Providence* v. *Hall*, 49 R. I. 230, 142 A. 156; 2 Sutherland, *Statutory Construction*, (3rd ed. 1943), §5107. None of the statutory changes in any way impinge on the rationale of the early decisions, or warrant an alteration in the established practice. It was, therefore, error in this case for a Superior Court Justice to dismiss the defendant's appeal on the ground that he had stipulated in the District Court that judgment might enter for the plaintiff.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

*Alan H. Pearlman,* for plaintiff.

*John F. McDonough,* for defendant.

---

appeal from the District Court, were tried to a jury unless jury trial was waived prior to assignment day. Judiciary Act 1893, chap. 23, sec. 6; Court & Practice Act 1905, chap. 16, sec. 282; G. L. 1909, chap. 287, sec. 6; G. L. 1923, chap. 337, sec. 6. In 1929 the practice was changed. Thereafter cases were removed to the Superior Court by filing a claim of appeal, instead of claiming a jury trial, P. L. 1929, chap. 1326, sec. 1; G. L. 1938, chap. 525, sec. 7; G. L. 1956, §9-12-10, and jury trial was deemed waived unless claimed by either party prior to assignment day. P. L. 1929, chap. 1327, sec. 1; G. L. 1938, chap. 526, sec. 6; G. L. 1956, §9-11-7.

This was the procedure until 1966, when, under new Rules of Civil Procedure of the Superior and District Courts and pursuant to the implementing legislation, what had once been known in the District Court as a "decision" was designated a "judgment." G. L. 1956, §9-12-10, as amended by P. L. 1965, chap. 55, sec. 24; See also District Court Civil Rules, Rule 54 (a). In 1966, too, the method for claiming a trial by jury of an issue triable as of right to a jury was changed to require that a demand therefor be made at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. G. L. 1956, §9-11-7, as amended by P. L. 1965, chap. 55, sec. 22; Rule 38 (b) of the Rules of Civil Procedure of the Superior Court.