315 A.2d 60.

STATE vs. EDWARD F. PERRY, JR.

FEBRUARY 21, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The defendant, Edward F. Perry, Jr., pleaded nolo in the Sixth Division District Court on September 9, 1971, and was ordered to pay a fine of $20 and costs for willfully failing to appear in court in answer to a

summons, in violation of G. L. 1956 (1969 Reenactment) §12-7-11. He appealed to the Superior Court where, after a trial de novo before a judge sitting without a jury, he was adjudged guilty and again sentenced to pay a fine of $20 and costs. He is now here on a bill of exceptions.

The case had its beginnings on February 26, 1970, when defendant was stopped by a state police officer on Route 195 in Johnston for operating a motor vehicle at a speed of 61 miles an hour in a 50-mile-per-hour zone. That officer, instead of taking him into custody, gave him a summons directing him to appear in the Sixth Division District Court in Cranston at 9 a.m. on March 13, 1970, to answer a complaint charging him with the speeding violation for which he had been apprehended. The defendant failed to respond to the call of the calendar on that date, and subsequently the instant complaint and warrant charging a violation of §12-7-11 issued.

At the outset, and for the reasons noted in *Stidhams* v. *McPherson,* 106 R. I. 295, 259 A.2d 114 (1969), we reject as completely lacking in merit the state's contention that defendant, by pleading nolo in the District Court, waived his right to appeal from the sentence imposed by that court to the Superior Court and thereafter to seek review in this court by a bill of exceptions.[1]

We turn now to defendant's exceptions. His first is to the ruling sustaining the state's demurrer to his plea in abatement. In that plea he adverts to G. L. 1956 (1969 Reenactment) §§12-4-2 and 12-6-2, as amended, which

---

[1]General Laws 1956 (1969 Reenactment) §12-22-1, as amended by P. L. 1969, ch. 239, sec. 29, as it read when this appeal to the Superior Court was taken, provided in pertinent part that:

"Every person aggrieved by the sentence of the district court for any offense may, within five (5) days after such sentence appeal therefrom to the superior court for the county in which the division of the district court is situated * * *."

require that any complainant, not exempted by law, shall enter into a recognizance, with surety, conditioned upon his prosecuting the complaint "with effect," or in default, upon his paying any costs that may accrue to the state. The defendant agrees that §12-6-6 exempts "any member of the division of state police" from the requirement of providing surety for costs, but he argues that the complainant in this case fails to qualify for the exemption because the body of the complaint and warrant refers to him as "of R. I. State Police," rather than as a "member" of that division.

While a stickler for preciseness might agree with defendant, it is abundantly clear that the alleged deficiency, if indeed it be a deficiency, is remedied by the designation on the cover or jacket of the complaint and warrant which identifies complainant as a "member of R. I. State Police." Even defendant does not question the adequacy of that description. Accordingly, the trial justice did not err when he sustained the state's demurrer to the plea in abatement.

Next, defendant contends that §12-7-11 contravenes his due process rights under the federal and state constitutions. That section provides that a peace officer who is authorized to arrest without a warrant for a misdemeanor may instead summon the misdemeanant to appear at a designated court at a specified date and time to answer a complaint which will charge the offense for which he was apprehended.

Obviously, the authority to give the misdemeanant a summons rather than subject him to full custody arrest is discretionary and not mandatory. *State* v. *Kilday,* 90 R. I. 91, 155 A.2d 336 (1959). Equally obviously, the Legislature, when it entrusted peace officers with that discretion, intended to provide them with a means of making it possible for those charged with minor offenses to avoid the undue inconvenience, and perhaps even hardship, which

would be occasioned were they to be subjected to a full custody arrest and then transported to a police facility for booking.[2] The defendant has failed to demonstrate how this legislation, which was designed to further rather than restrain personal liberty, raises any constitutional problems. Warner, *The Uniform Arrest Act*, 28 Va. L.Rev. 315, 335-36 (1942).

Finally, defendant notes that the summons which he is charged with willfully ignoring notified him to appear at the Sixth Division District Court in Cranston at 9 a.m. on March 13, 1970, and that the only proof offered by the state to support its charge was that he was not present when his case was called on that day. That evidence, defendant insists, was insufficient and he argues that he should not have been adjudged guilty absent positive evidence that his case was called at 9 a.m. on the 13th and that he was not then present.

Even were the law's requirements as exacting and as demanding as defendant contends — and he cites no authority that they are — it would nonetheless seem to us that the presumption of judicial regularity justified the trial justice, at least in the absence of any evidence to the contrary, in presuming that the District Court properly convened and that its session was regularly held at the time indicated by its process.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

---

[2] In *State* v. *Soroka*, 112 R. I. 392, 398 n.5, 311 A.2d 45, 48 n.5 (1973), we referred to the distinction between a full custody arrest and a routine traffic stop when the officer merely issues a notice of violation and allows the offender to proceed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for. plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.