**Harold J. HARRIS et al.**

**v.**

**Alexander TURCHETTA d.b.a. Camille's Coffee Shop, Inc. et al.**

**No. 91–566–Appeal.**

Supreme Court of Rhode Island.

March 31, 1993.

Robert S. Parker, Barry J. Kusinitz, Corrente, Brill & Kusinitz, Providence, for plaintiffs.

Gerard M. DeCelles, Levitt & DeCelles, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendants' appeal from a judgment entered in the Superior Court in favor of the plaintiffs, Harold J. Harris, James R. Winoker and Jeffrey Steiner, together doing business as Caesar Misch Realty, for back rent in the amount of $5,464 together with interest and costs. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiffs on May 15, 1986 filed a complaint in the Rhode Island District Court, seeking possession of certain premises known as Camille's Coffee Shop as well as judgment for back rent. The original complaint had named only Alexander Turchetta as a defendant. The name of Judith Turchetta, his wife, was later added by stipulation. The plaintiffs in the case at bar had acquired ownership of the premises in question located at 176–178 Matthewson Street in the city of Providence from Cedec, Inc., a Rhode Island corporation, from whom Camille's Coffee Shop, Inc. (Camille's), a Rhode Island corporation, had originally rented the premises.

On September 8, 1983, the Secretary of State revoked Camille's certificate of incorporation for failure to file annual reports as required by G.L.1956 (1992 Reenactment) §§ 7–1.1–87(3) and 7–1.1–118. Moreover, the corporation had also failed to appoint a successor registered agent as required by §§ 7–1.1–11(a)(2) and 7–1.1–87(5).[1]

Judgment in the District Court was entered by stipulation of the parties on June 11, 1986, against Alexander and Judith Turchetta in the amount of $5,464 plus interest for back rent and also for possession of the premises. The District Court judgment was appealed to the Superior Court. Thereafter, the case was referred for arbi-

---

1. The 1985 and 1992 Reenactments of G.L.1956 §§ 7–1.1–11, 7–1.1–87, and 7–1.1–118 made only stylistic changes in these statutes as they read at the time of the revocation of Camille's certificate of incorporation.

tration. The arbitration hearing was completed on September 17, 1990, and again resulted in a finding for plaintiffs. The defendants rejected the arbitration award and a trial de novo was held before a justice of the Superior Court without the intervention of a jury on February 19, 1991. After considering the evidence presented on behalf of plaintiffs, the trial justice entered judgment for plaintiffs in the amount of $5,464 together with interest and costs. At the Superior Court trial possession of the premises was no longer an issue.

In support of their appeal defendants raise several issues which will be considered in the order of their significance to this opinion.

I

WAS THE CORPORATION, CAMILLE'S COFFEE SHOP, INC., A DE FACTO CORPORATION AFTER THE REVOCATION OF ITS CHARTER?

The defendants argue that they should not be personally liable for the back rent since Camille's was a de facto corporation and was the entity with which Cedec, Inc. and later plaintiffs had done business.

This claim is without merit. We have held in *Pepin v. Donovan*, 581 A.2d 717 (R.I.1990), that the principal officer of a corporation who continued to do business under the corporate name after the corporation's charter had been revoked for failure to file its annual report was personally liable for taxes that had been assessed by the city of Warwick over a period of several years. We cited *Poritzky v. Wachtel*, 176 Misc. 633, 27 N.Y.S.2d 316 (1941), and *Moore v. Occupational Safety & Health Review Commission*, 591 F.2d 991 (4th Cir. 1979), for the proposition that officers and directors who have continued a corporate business during the interval between revocation of a corporate charter and reinstatement would not be relieved from individual liability for debts incurred.

In the case at bar this principle is even more strongly applicable since no reinstatement of the corporate charter of Camille's was either sought or obtained.

The trial justice had ample evidence before him to support his finding that the office of the Secretary of State had sent notice to the corporate officers of the revocation of the articles of association for failure to file reports. Turchetta's statement that he had not received such a notice was insufficient to overcome the presumption that mail regularly sent from the office of the Secretary of State was received at the corporate offices listed on prior reports. Those who seek to insulate themselves from liability by utilizing a corporate form of business enterprise have a responsibility to see to it that reports are duly filed and that an attorney for service of process is appointed. Moreover, if one attorney is deceased, corporate officers have the responsibility to appoint a new one so that the Secretary of State's office may always have a responsible party to whom to send appropriate notices.

We are also not persuaded by the suggestion that the holding in *Pepin v. Donovan, supra*, should be limited to tax liability. The claims of private creditors are also deserving of the protection of the law. Consequently the trial justice was correct in holding that Camille's was not a de facto corporation after the revocation of its articles of association.

II

THE FINDING CONCERNING THE AMOUNT OF ARREARAGE

The defendants argue that the trial justice was in error in finding the amount of the arrearage to be the sum of $5,464. The defendants suggest that the sole basis for finding the arrearage was a stipulation filed in District Court. This claim is without merit. Testimony was presented by Barry Welch, who had served as property manager for both Cedec, Inc. and Caesar Misch Realty. Through him a ledger card was introduced into evidence. This ledger card in conjunction with Welch's oral testimony established the arrearage in the sum of $5,464. In light of this testimony it was

unnecessary for the trial justice to take judicial notice of the stipulation for judgment that had been entered in the District Court in that amount.

■ We are of the opinion that the Superior Court could not rely upon the judgment entered by stipulation in the District Court because that judgment had been vacated by defendants' appeal.

■ We held in *Stidhams v. McPherson,* 106 R.I. 295, 259 A.2d 114 (1969), that even a judgment filed by stipulation in the District Court could be appealed and that the appealing party was entitled to a trial de novo. In support of our holding we cited *Dorney v. Ives,* 36 R.I. 276, 90 A. 164 (1914), and *Lavelle v. Kimball,* 18 R.I. 786, 31 A. 166 (1895), and stated that such a longstanding practice should not be altered, particularly since statutory changes in no way impinged on the rationale of the earlier decisions. Therefore, when a judgment entered in the District Court has been appealed by an aggrieved party, the judgment is vacated whether entry of judgment has been by stipulation or by order of the court. Consequently the judgment may not be used as evidence or by judicial notice for the purpose of establishing or defending against a claim.

■ Nevertheless, in the case at bar the error of taking judicial notice of the judgment stipulation was harmless in light of the evidence of arrearage presented before the court.

■ In respect to the liability of Judith E. Turchetta, it should be noted that a report, submitted by Camille's Coffee Shop, Inc. on May 27, 1983 and appended to the affidavit of Alexander J. Turchetta, sets forth that Judith E. Turchetta held the offices of vice-president and treasurer. The testimony of Barry Welch established that Mrs. Turchetta was active in the business and generally worked on the books in the back of the restaurant. This record of her participation was sufficient to support an inference by the trial justice that she was a principal in the conduct of the former corporation and was also personally liable for corporate debts after the corporation ceased to exist.

For the reasons stated, the defendants' appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.