DECISION
This matter came before the Court pursuant to Defendant's Motion to Dismiss based upon an alleged violation of his constitutional right to a speedy trial. For the reasons stated herein, Defendant's Motion to Dismiss is DENIED.
 I Facts and Travel
On November 1, 2007, Defendant was arrested by the West Warwick Police Department and charged with refusal to submit to a chemical test, second offense, in violation of G.L. § 31-27-2.1(b)(2) (hereinafter referred to as "the Refusal Statute"). The maximum penalty imposed by the statute is six months imprisonment and is thus classified as a petty misdemeanor.[1]
On February 28, 2008, Defendant entered a plea of nolocontendere in the District Court. Defendant appealed that plea on the same date.[2]
For reasons unknown, that appeal was not transmitted to the Superior Court until October 6, 2010, more than thirty-one months later. A pretrial conference was conducted *Page 2 
in the Superior Court on October 20, 2010. On that date, and for the first time, Defendant filed a Motion to Dismiss, citing a violation of his Sixth Amendment right to a speedy trial. The Motion also alleged that the Refusal Statute violated the Fourth andFifth Amendments of the Constitution of the United States, and article 1, section 13, of the Constitution of the State of Rhode Island.
On November 17, 2010, Defendant's motions were heard before a Magistrate of the Superior Court. On that date, the Magistrate granted Defendant's Motion to Dismiss based upon the speedy trial grounds from the bench. She also indicated that a written decision would be forthcoming on all the issues presented in Defendant's Motion to Dismiss. On December 2, 2010, before the written decision was issued, the State filed its Notice of Appeal. The State's Notice of Appeal stated in relevant part that "[t]his appeal is taken from Magistrate Susan Kenny's dismissal of the case on November 17, 2010, over the State's objection, based on a 32-month delay in docketing Defendant's de novo appeal from a plea in the District Court."
The Magistrate issued her written decision on December 7, 2010. The written decision provided the rationale regarding the dismissal based upon the speedy trial issue and also denied Defendant's Motion to Dismiss based upon the unconstitutionality of the Refusal Statute. The Magistrate decided the constitutional issues relating to the statute "to avoid the potential for piecemeal appeals to our Supreme Court." Defendant did not file a notice of appeal regarding the Magistrate's written decision.
A Justice of the Superior Court heard argument regarding the State's appeal of the Magistrate's decision on February 1, 2011. At that time, the State contested the Superior Court's jurisdiction to hear a de novo appeal from a plea ofnolo contendere for a petty *Page 3 
misdemeanor in the District Court.[3] The Justice ordered that the parties submit written memoranda to clarify their respective positions. The matter was scheduled for decision on February 28, 2011.
On February 28, 2011, the Hearing Justice ruled that Defendant was in fact entitled to take a de novo appeal in Superior Court from his plea of nolo contendere in the District Court.[4]
The Hearing Justice then vacated the Magistrate's dismissal based upon speedy trial grounds and remanded the case back to the pretrial calendar.[5] The Hearing Justice opined that the record lacked a sufficient factual basis to support the Magistrate's decision as it related to the four-factor speedy trial analysis, and gave Defendant leave to request an evidentiary hearing upon the refiling of his motion.
Defendant renewed his Motion to Dismiss before this Court on April 26, 2011. Defendant's memorandum argued for dismissal based upon the following grounds: that Defendant's constitutional right to a speedy trial was violated; that the Refusal Statute was violative of article 1, Section 13 of the Rhode Island Constitution, which guarantees protection against compulsory self-crimination; and that the Refusal Statute was violative of Defendant'sFourth Amendment right to be free from unreasonable searches and seizures. The State filed its objection and renewed its argument as to whether or not Defendant had the statutory right to appeal his plea ofnolo contendere from the District Court. *Page 4 
The matter was heard before this Court on June 23, 2011. At that time, Defendant had the opportunity to present evidence in support of his Motions, as did the State. Neither party presented evidence. Both parties presented their respective legal arguments.
 II Discussion A Procedural Matters
Defendant has attempted to resurrect his argument that the Refusal Statute is unconstitutional because it violates the State and Federal Constitutions. Those issues are not properly before this Court as a result of Defendant's failure to appeal the Magistrate's decision filed on December 7, 2010. The only party to appeal the Magistrate's decision was the State. The State's Notice of Appeal makes it clear that it is appealing the Magistrate's decision dealing with the speedy trial issue. In fact, that is the only issue that had been decided by the Magistrate at the time of the State's appeal. Defendant never appealed the Magistrate's decision. Accordingly, the Hearing Justice's Order "[t]hat the Magistrates [sic] decision is vacated, in total, as it was unsupported by the record before the Magistrate" can only apply to the portion of her decision that was actually appealed. This conclusion is plain from reading the Order in conjunction with the State's Notice of Appeal.
The State also attempts to resurrect its argument regarding Defendant's right to appeal his plea from the District Court. This issue was already decided by the Superior Court Justice when considering the appeal from the Magistrate's decision, and is thus the *Page 5 
law of the case. The only issue properly before this Court is whether or not Defendant's right to a speedy trial has been violated.
 B Defendant's Right to a Speedy Trial
Defendant is guaranteed the right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution as well as article 1, section 10, of the Rhode Island Constitution. In determining whether a defendant's right to a speedy trial has been violated, this Court must employ the four-part test established by the United States Supreme Court in Barker v. Wingo,407 U.S. 514 (1972). State v. Oliveira,961 A.2d 299, 317 (R.I. 2008). The four factors to be considered by the Court are: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."Barker, 407 U.S. at 530. "The determination of whether a constitutional violation has occurred `requires the weighing of each factor, with no single one being wholly dispositive.'"Oliveira, 961 A.2d at 317 (citing State v. DeAngelis,658 A.2d 7, 11 (R.I. 1995)). "A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis."Barker, 407 U.S. at 530. Each factor will therefore be addressed accordingly.
The Length of the Delay
The delay in this case exceeded thirty-one months. A delay that exceeds one year is presumptively prejudicial, thereby triggering an analysis of the remaining three factors.Oliveira, 961 A.2d at 317. Based upon the length of the delay, this Court will proceed with an analysis of the remaining factors. *Page 6 
The Reason for the Delay
"[B]ecause it is the ultimate responsibility of the state to insure that criminal defendants are speedily brought to trial, the state likewise carries the responsibility for justifying negligent delays." Oliveira, 961 A.2d at 317. The reasons for the delay are to be measured on a sliding scale of culpability, with intentional delay to seek a tactical advantage at one end, while less sinister reasons like court congestion are weighed less heavily against the state. State v. Austin,731 A.2d 678, 683-84 (R.I. 1999). Here, there has been no evidence presented to establish any reason for the delay. There is no allegation that the delay was intentional or in bad faith. As such, this Court is left to conclude that the State was simply negligent when it failed to transmit Defendant's case from the District Court to the Superior Court.
Defendant's Assertion of his Right
"The defendant's assertion of his speedy trial right. . .is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right [to a speedy trial]. . .failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."Barker, 407 U.S. at 532. Courts look for "actions sufficiently aggressive to constitute the equivalent of a banging on the courthouse doors." Oliveira, 961 A.2d at 318. "But barring extraordinary circumstances, [a court should] be reluctant indeed to rule that a defendant was denied this constitutional right [to a speedy trial] on a record that strongly indicates. . .that the defendant did not want a speedy trial." Barker,407 U.S. at 536.
The case of State v. Austin is very similar to the case at bar. 731 A.2d 678 (R.I. 1999). In that case, over a year and a half elapsed between the defendant's arrest and his *Page 7 
trial. Id. at 683. The reason for the delay was not intentional conduct by the state, but court congestion.Id. at 684. In addition, the defendant did not request a speedy trial during the period of delay. Id. at 684. Finally, the defendant made no affirmative showing of prejudice besides the presumptive prejudice resulting from a delay of over one year.Id. at 685. In Austin, the "defendant's halting assertion of his speedy trial right and lack of prejudice outweigh[ed] the state's slight fault for negligently delaying the trial." Id. Our Supreme Court found that the defendant's right to a speedy trial had not been violated. Id.
Defendant concedes that he did nothing to assert his right to a speedy trial. He contends that the case was in procedural limbo between District and Superior Courts, and that no venue existed to request his speedy trial. This argument is without merit. Defendant had many options to assert his right to a speedy trial. He could have filed a motion in the District Court to re-transmit the record. He could have filed a petition in the Superior Court seeking a writ of mandamus. See Street v. Signorelli,114 R.I. 744, 745, 339 A.2d 56, 56 (1975). He could have written to the Attorney General demanding a speedy trial. No assertion of Defendant's right appears until the matter was scheduled for a pretrial conference in the Superior Court on October 20, 2010. Defendant's position throughout this period of delay can best be described as passive and certainly does not constitute the "equivalent of a banging on the courthouse doors."Oliveira, 961 A.2d at 318.
Prejudice to the Defendant
There are three specific types of prejudice that a court is to consider; they are: "oppressive pretrial incarceration, anxiety and concern of the defendant, and impairment *Page 8 
of the ability to present a defense." Oliveira,961 A.2d at 319. The third concern is the most important, as "the inability of a defendant to adequately prepare his case skews the fairness of the entire system." Id. A lapse in time may hamper a defendant's ability to prepare for trial in subtle and perhaps immeasurable ways. Id. On the other hand, delay can also benefit a defendant, in that prosecution witnesses may become unavailable and witnesses' memories may fade. SeeState v. Zmayefski, 836 A.2d 191 (R.I. 2003). Other important considerations include whether the defendant had other criminal matters pending, and whether the defendant was out on bail or had to forfeit any property during the pendency of the case.Barker, 407 U.S. at 532-33.
Defendant argues that the presumptive prejudice applicable to the length of the delay satisfies his burden to establish that the delay caused him to suffer actual prejudice, thus hampering his right to a speedy trial. He argues that as a result of the presumptive prejudice associated with the length of the delay, the State must present evidence to rebut the presumption. Rhode Island and federal case law contradict Defendant's assertion. In all of the authority reviewed by this Court, there is no indication that the burden shifts to the State once the one-year threshold is met.See, e.g., Oliveira, 961 A.2d; State v.Wheaton, 528 A.2d 1109 (R.I. 1987); State v. Austin,731 A.2d 678 (R.I. 1999); Doggett v. United States,505 U.S. 647 (1992). In fact, "`such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the otherBarker criteria.'" State v. Crocker,767 A.2d 88, 96 (R.I. 2001) (quoting Doggett,505 U.S. at 656, 112 S. Ct. at 2693 (1992)). The presumption associated with the delay merely establishes a threshold. Once the threshold is reached, it permits a defendant to proceed to the remaining factors associated with the analysis. It does not create a presumption of actual prejudice. *Page 9 
Although the length of the delay does not create a presumption of actual prejudice, it is an important factor to consider when determining whether a defendant did in fact suffer actual prejudice. It should be noted that the Magistrate's decision was reversed by the Hearing Justice because there was no evidence contained in the record, except for the length of the delay, to support a finding of actual prejudice. At the hearing before this Court, Defendant was offered the opportunity to present evidence on all factors, including prejudice, but elected not to. The court file indicates that Defendant was not incarcerated during the delay in question. There is no evidence that his ability to present a defense was in any way hampered by the delay. There is virtually no evidence provided to show that Defendant suffered actual prejudice, except for the length of the delay itself.
Upon careful consideration of all the factors discussed above, this Court finds that Defendant's right to a speedy trial has not been violated. His assertion of that right during the delay was non-existent. The reason for the delay was not intentional and can best be described as administrative neglect. Except for the length of the delay, Defendant has not provided proof of actual prejudice. Therefore, Defendant's assertion that his speedy trial rights have been violated must fail.
The State shall submit an order consistent with the Court's decision.
[1] See G.L. § 11-1-2.
[2] The only evidence of Defendant's claim of appeal contained in the court file is the District Court docket sheet indicating that Defendant's attorney made an oral notice of appeal as noted by the District Court Judge on February 28, 2008.
[3] The State initially raised this argument as an unsupported contention in a footnote in its memorandum opposing Defendant's Motion to Dismiss in October of 2010.
[4] The Hearing Justice based his decision on the holding set forth in State v. Perry,112 R.I. 719, 720, 315 A.2d 60, 61 (1974).
[5] The Hearing Justice found the State's appeal to be premature, but nonetheless considered it as timely filed. *Page 1