STATE

v.

James WHEATON.

No. 87–543–C.A.

Supreme Court of Rhode Island.

July 28, 1987.

James E. O'Neil, Atty. Gen., Annie Goldberg, Thomas Dickinson, Asst. Atty. Gen., for plaintiff.

William Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

FAY, Chief Justice.

The defendant, James Wheaton, was found guilty by a jury in Superior Court of having robbed a bank teller in violation of G.L. 1956 (1981 Reenactment) § 11–39–1. He now argues on appeal before this court that the trial justice's denial of his motion to dismiss the indictment for want of a speedy trial was based on clearly erroneous factfinding and misapplication of settled law; therefore, the indictment and conviction based thereon should be reversed and dismissed.

This appeal arises out of the disposition of one of three secret indictments returned by a grand jury charging defendant with three different bank robberies. Since we are concerned with the manner in which this particular case proceeded from defendant's initial arrest on May 28, 1982, through the ultimate disposition of indictment Pl/82–1484 at trial, we need not detail the underlying facts of the bank robberies. The informational charge, P2/82–1485 and indictment Pl/82–1486, are not now before this court. The defendant was tried by a jury on informational charge P2/82–1485 and was acquitted in August of 1984. Indictment P1/82–1486 was dismissed in August 1985 by a justice of the Superior Court for want of a speedy trial. We summarily affirmed that dismissal on February 16, 1987, and later denied the state's petition for reargument.[1]

The following travel of the case is developed in part from the case file, in part from the testimony and arguments of counsel at the motion hearing, and in part from a stipulation filed with the court at the motion hearing.[2]

The defendant was arrested on May 28, 1982. Unable to post bail, he was committed to the Adult Correctional Institutions (ACI). On July 1, 1982, Wheaton filed his first motion for a speedy trial with the District Court. That motion was later filed with the Superior Court on July 8, 1982.

A grand jury handed down three secret indictments charging Wheaton with three different bank robberies. The defendant was arraigned on the indictments in Superi-

---

1. *See State v. James Wheaton,* No. 85–541–C.A. (R.I., order filed February 16, 1987) and denial of petition to reargue (R.I., order filed March 10, 1987).

2. Considerable confusion existed concerning the travel of this case, which was reflected in the case file. In some instances, documents and records of activity in the case were missing from the file. Other documents incorrectly recorded the activity that did take place in the case.

Because of this confusion, the trial justice suggested that the parties get together during an extended recess and review the case files with respect to all three Wheaton indictments in order to ascertain the travel in this case. The parties did so and filed a stipulation as to the travel of the case with the court.

or Court on July 7, 1982, a pretrial conference was set for September 7, 1982, and an initial trial date was set for October 11, 1982.

Throughout this period, defendant was unable to post bail and remained incarcerated at the ACI. The defendant made another demand for a speedy trial on July 16, 1982.

The case was passed at pretrial and was again passed when called as scheduled during the week of October 8, 1982, due to the engagement of the defense attorney in another unrelated trial. On December 20, 1982, the case was again called for trial but was reassigned due to the engagement of the prosecutor in another unrelated trial. On January 4, 1983, defendant made a demand for bail under G.L. 1956 (1981 Reenactment) § 12–13–7.[3] On January 10, 1983, defendant was released on bail. He had been incarcerated since his May 28, 1982 arrest, approximately eight months.

The case was again reassigned for trial during the week of April 21, 1983, due to the involvement of the defense attorney in an unrelated trial.

During the week of August 11, 1983, the case was reassigned to the trial calendar because the case was "not reached" by the court. The stipulation next shows that on August 13, 1984, the case was continued to August 17, 1984 for trial. On August 20, 1984, a motion to consolidate the three Wheaton indictments was denied.[4]

The defendant was then tried before a jury on informational charge P2/82–1485 during the week of August 27, 1984. The defendant was acquitted. The other cases were not reached and were reassigned for trial. On August 7, 1985, indictment

P1/82–1486 was dismissed by a Superior Court justice for want of a speedy trial.

On August 9 and 16, 1985, defendant filed motions for a speedy trial in this case and also a motion to dismiss for lack of a speedy trial. At the hearing on the latter motion, the parties developed the travel of the case, and defense presented testimony from defendant himself, as well as his mother, on the issue of prejudice to defendant as a result of the trial delay. The witnesses described the breakup of defendant's marriage and subsequent divorce, the loss of his home, and his inability to procure gainful employment in the jewelry field in which he had formerly worked. Upon his release on bail from the ACI, defendant had attended and graduated from a computer school and upon graduation had obtained several jobs. He was released from those jobs, however, upon the disclosure of the pending indictment. Ultimately defendant had to take a job as a garbage truck driver. There was also testimony describing the deterioration of defendant's mental and physical well-being.

The trial justice, after hearing arguments of counsel, analyzed the case in light of the criteria set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972), and found no speedy trial violation. We disagree with the conclusion reached by the trial justice that no speedy-trial violation occurred.

■ As we said recently in *State v. Macaskill*, 523 A.2d 883 (R.I. 1987), "[a]n analysis of a defendant's lack-of-speedy-trial claim must begin with a review of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker* the United States Supreme Court identified four factors that courts should assess in

---

3. General Laws 1956 (1981 Reenactment) § 12–13–7 states:

"Right to prompt trial on indictment or information for serious crime.—Every person who shall be indicted for or charged by information with treason against the state, murder, robbery, rape, arson or burglary and shall be imprisoned under the indictment or information, shall be tried or bailed within six (6) months next after the time at which he shall plead to such indictment or information, if he

demand a trial, unless it shall appear to the court that some material witness in behalf of the state has been enticed away or is prevented from attending court by some unavoidable accident."

4. The transcript shows that it was the state's motion to consolidate; however, the stipulation states that it was the defendant's motion. The clerk's information reporting form reflects that it was the state's motion.

determining whether a particular defendant has been deprived of the right to a speedy trial. The four factors are (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. *Id.* at 530, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117." 523 A.2d at 884. Accordingly, we shall analyze defendant's speedy trial claim in light of these four factors.

■ The defendant was arrested on May 28, 1982, arraigned on the indictments on July 7, 1982, and trial on this indictment began on August 28, 1985, a time period of over three years. The length of delay in this case was certainly "of sufficient duration to be 'presumptively prejudicial,' thereby triggering the necessity of inquiring into the other three factors." *State v. Anthony,* 448 A.2d 744, 749 (R.I. 1982).

■ We next examine the reasons for the delay. Although there is clearly evidence that both parties were responsible for some of the delay due to the involvement of the respective attorneys in unrelated trials, and indeed delay was caused by involvement of defendant himself with other indictments pending against him, those periods of delay are minimal with respect to the entire period of delay. The overwhelming bulk of the delay was caused by the criminal-court-calendar system that allows a case continued or not reached to go back into the scheduling computer for several months before being placed on the calendar again. Although delay of this nature, like delay caused by court congestion, is usually accorded less weight than is delay deliberately caused by the state in order to gain a tactical advantage over a defendant, the ultimate responsibility for such delay must nevertheless be borne by the government. *See Barker v. Wingo,* 407 U.S. at 531, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117.

■ With regard to the third factor in the speedy-trial analysis, we note that defendant filed demands for a speedy trial at the outset of the case. He also had put the state on notice that no trial had occurred when he moved to gain release on bail pursuant to § 12–13–7. Although one indictment was reached for trial in August 1984, the other two indictments were not reached and were reassigned to the trial calendar. It soon became clear that back-to-back trials would not occur, and after several more continuances and reassignment delays defendant filed two more motions demanding a speedy trial. Soon thereafter defendant filed the motion to dismiss for want of a speedy trial. Consequently, we conclude that defendant's actions constituted timely assertion of his right to a speedy trial.

■ The fourth factor in the speedy-trial analysis is the question of prejudice to the defendant. Although delay that impairs the preparation of a defense causes the most serious form of prejudice, delay can prejudice a defendant in other ways as well. *Barker v. Wingo,* 407 U.S. at 532, 92 S. Ct. at 2193, 33 L. Ed. 2d at 118. Indeed, the delay may " 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and * * * may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' *United States v. Marion,* 404 U.S. 307, 320, [92 S.Ct. 455, 463, 30 L.Ed.2d 468] (1971)." *Moore v. Arizona,* 414 U.S. 25, 27, 94 S. Ct. 188, 190, 38 L. Ed. 2d 183, 186 (1973)(quoting *Barker v. Wingo,* 407 U. S. at 537, 92 S. Ct. at 2195, 33 L. Ed. 2d at 120–21 (White, J., concurring)).

The defendant has presented considerable evidence of such prejudice thus overcoming the deficiency present in those cases where the mere assertion that defendant had suffered "emotional trauma" from awaiting trial was held to be an insufficient basis for a claim of a denial of a speedy trial. *See State v. Macaskill,* 523 A.2d 883 (R.I. 1987); *State v. Long,* 488 A. 2d 427, 436 (R.I. 1985); *State v. Adams,* 481 A.2d 718, 726–27 (R.I. 1984); *State v. Baccaire,* 470 A.2d 1147, 1150–51 (R.I. 1984).

No singular factor is wholly dispositive of a speedy trial claim nor is the insufficiency of any one factor fatal to the claim.

*Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118–19. In this case all of the factors, substantially established, point toward a violation of the defendant's right to speedy trial, and we so hold.

Accordingly, the defendant's appeal is sustained, and the conviction appealed from is reversed.[5] The indictment against Wheaton, P1/82–1484, is dismissed with prejudice, and the record of the case is remanded to the Superior Court with our direction that, in the future, a case once called for trial and ready but not reached for good reason should not be returned to the calendar. It should be held ready until it can be reached and tried.

5. The disposition of the defendant's speedy-trial claim makes unnecessary the consideration of the other arguments the defendant raised on appeal.