STATE

v.

Walter R. SIMPSON, Jr.

No. 88–560–C.A.

Supreme Court of Rhode Island.

April 24, 1990.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Annie Goldberg, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Cathy Gibran, Barbara Hurst, Asst. Public Defenders, for defendant.

OPINION

SHEA, Justice.

This case comes before us on appeal by the defendant Walter R. Simpson, Jr., after a jury trial in the Superior Court. The defendant was found guilty of assaulting a correctional officer in violation of G.L.1956 (1981 Reenactment) § 11–25–2.[1] The defendant's appeal is denied and dismissed.

At the time this assault occurred defendant, an inmate at the Adult Correctional Institutions (ACI), was serving a fifteen-year sentence, with five years suspended and with five years probation for first-degree sexual assault. While he was awaiting trial on the charge of assaulting a correctional officer, the sexual-assault conviction was vacated on appeal and that case was remanded for a new trial. *State v. Simpson*, 520 A.2d 1281 (R.I.1987).

1. General Laws 1956 (1981 Reenactment) § 11–25–2 provides in part:

"Every prisoner confined in the maximum custodial unit of the adult correctional institutions * * * who shall assault the warden or other officer * * * shall be sentenced by the court to a term of imprisonment in the adult correctional institutions for not less than one (1) year nor more than twenty (20) years * * * said term to commence from the expiration of the original term of such prisoner."

At his retrial on the sexual-assault charge defendant was again convicted and sentenced to fifty years with twenty years suspended and twenty years probation. Prior to imposing this sentence, the trial justice considered defendant's habits and conduct since the first trial as well as his mental and moral propensities. The trial justice cited the fact that defendant had been convicted of a brutal crime. Since his first conviction, the trial justice noted that defendant was the subject of a criminal information charging him with tampering with an automobile. The trial justice also considered the fact that defendant had been charged with seventy-five violations of prison regulations and was adjudged guilty of sixty-eight of these violations. The trial justice specifically noted that one of these violations involved the case now before this court.[2] Lastly, the trial justice believed defendant had lied under oath. *Id.*

Approximately one year after this court affirmed his conviction at retrial on the sexual-assault charge defendant was tried on the charge of assaulting the correctional officer. At trial evidence was presented that on November 19, 1983, defendant and correctional officer David Wells had a confrontation that resulted in Wells's injuring his shoulder. The defendant was then charged with committing a disciplinary infraction and sent to a five-day segregation to await a disciplinary hearing. On November 21, 1983, defendant was brought from segregation by Wells, apparently in violation of prison regulations, to the shower area. Upon finishing his shower, defendant was allegedly confronted by Wells. An altercation followed during which defendant repeatedly struck Wells. The defendant testified that he had struck Wells because he was afraid of being hurt. When other officers responded to the scene defendant returned to his cell.

On motion for a new trial on the assault on a correctional officer charge, the trial justice found defendant's testimony more credible than that of correctional officers

who testified against him. Although he found defendant to be testifying truthfully, he concluded that only the first blow was in self defense and that defendant had used more force than was necessary to defend himself.

As a result of this conviction defendant was sentenced to serve two years to run consecutively to sentences already being served.

On appeal defendant contends that the trial justice erred in denying his motion to dismiss for lack of a speedy trial. When considering the merits of defendant's lack-of-speedy-trial claim, the trial justice considered the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These four factors are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. "No single factor is wholly dispositive of a speedy-trial claim, nor is the insufficiency of any one factor fatal to the claim." *State v. Wheaton*, 528 A.2d 1109, 1112 (R.I.1987).

The trial justice found that the length of the delay, over four years, was "presumptively prejudicial" and weighed that factor against the state. In addition the trial justice found that defendant had repeatedly asserted his right to a speedy trial during this four-year period.

When considering the reason for the delay, the trial justice stated:

"The reasons for the delay, however, are a matter of dispute in a sense that the record suggests that at least on the last five or six occasions that this matter has been on the calendar, for some reason, the matter was continued because of the unavailability of defense counsel * * *. *The reasons I cannot say are entirely the state's fault for this matter not being reached at an earlier point in time.*" (Emphasis added.)

---

**2.** The trial justice apparently was under the impression that as a result of this assault the correctional officer had lost sight in one of his

eyes. At trial on the assault charge the officer testified that he had lost peripheral vision in one eye.

■ A review of the record indicates that the case was called for trial twice in March 1984, three months after the indictment. Both times the defense stated it was not ready for trial because discovery had not been completed. The case was again reached in January 1985, when it was postponed because the defense counsel was on trial in another case. On September 29, 1986, the case was once more readied for trial, but was again postponed because defendant's public defender wished to take a vacation.

The defendant argues that the trial justice improperly weighed this factor against him. Rather than balance this factor against defendant, the trial justice's comments indicate that these delays would not be weighed against the state. Clearly if this type of delay is not weighed against defendant, it also cannot be weighed against the state. Moreover, the other principal cause of delay in this case—the crowded criminal docket—is a neutral factor and cannot be weighed heavily against the state. *State v. Austin,* 462 A.2d 359, 362 (R.I.1983).

■ When weighing the fourth factor, the trial justice stated that defendant had suffered no prejudice. On appeal defendant argues that the trial justice erroneously balanced this factor against him. The defendant argues that he in fact suffered substantial prejudice as a result of the delay. The defendant notes that at retrial when he was sentenced, the trial justice cited this assault charge and erroneously stated that Officer Wells had lost his sight as a result. In addition defendant asserts that he was placed in a more restrictive setting and denied rehabilitative opportunities as a result of this pending charge. Finally defendant asserts that he suffered anxiety and emotional trauma while awaiting trial.

Although defendant's claim that he was prejudiced by the delay is persuasive at first glance, it does not survive a careful review of the record. His contention that he suffered prejudice when sentenced to serve thirty years on the sexual assault charge because of this pending assault charge ignores the fact that the trial justice considered a host of factors, including the brutal nature of the crime, defendant's subsequent criminal activity, and defendant's conduct while in the ACI up until the time he imposed sentence. Moreover, if defendant feels that he was prejudiced at retrial because the trial justice was unaware of the true extent of Wells's injuries, his proper avenue to seek remedy is not dismissal of this matter for lack of a speedy trial, but rather to pursue an application for postconviction relief under G.L. 1956 (1985 Reenactment) § 10–9.1–1.

In addition defendant's contention that he would have been offered rehabilitative services or placed in less restrictive custody but for this pending charge ignores defendant's fairly remarkable disciplinary record acquired while in prison. Given defendant's numerous violations of prison disciplinary rules, his participation in rehabilitative programs or placement in less restrictive quarters would be highly unlikely regardless of this pending assault charge.

■ Although this court recognizes that a defendant suffers a degree of inherent prejudice caused by the anxiety of awaiting trial, this factor alone is insufficient to establish the fourth *Barker* factor. *State v. Macaskill,* 523 A.2d 883, 886 (R.I.1987). Because defendant suffered no other prejudice we are of the opinion that the trial justice properly weighed this factor against defendant.

In determining whether a defendant's right to a speedy trial has been abridged, we must balance all the relevant factors and consider them as a whole. *See Barker v. Wingo,* 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. Our review of each factor leads us to the conclusion that the trial justice properly denied defendant's motion to dismiss.

■ The defendant next argues that the trial justice erred in imposing a two-year sentence to run consecutive to the thirty year sentence he was serving. Section 11–25–2 provides that any sentence imposed must "commence from the expiration of the original term of such prisoner." In this

case the original sexual-assault conviction and sentence which defendant was serving when the assault on Wells occurred was vacated on appeal to this court. In effect there was no lawfully imposed "original sentence" when the assault on Wells occurred.

The trial justice in his decision from the bench acknowledged that the statute may have been "deficient." It is clear that in this case the trial justice could not under the terms of the statute impose a consecutive sentence. However, the sentencing process in the Superior Court involves an exercise of judicial discretion and a trial justice may in his or her discretion impose a consecutive sentence. *See State v. Fuentes,* 433 A.2d 184 (R.I.1981); G.L.1956 (1981 Reenactment) § 12–19–5. We conclude that the trial justice did exercise his discretion independent of § 11–25–2 and that he did not abuse his discretion in so doing.

For these reasons the defendant's appeal is denied and dismissed, and the papers of the case are remanded to the Superior Court.