STATE

v.

**Raymond LAPERCHE.**

No. 91–248–C.A.

Supreme Court of Rhode Island.

Dec. 18, 1992.

James E. O'Neil, Atty. Gen., Michael Schein, Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

Mark B. Morse, Providence, for defendant.

OPINION

WEISBERGER, Justice.

Raymond Laperche was convicted of assault with intent to commit sexual assault in the Superior Court on October 23, 1990, after trial by jury in the Superior Court. Thereafter he filed a motion for new trial, which was granted. The defendant appeals from the denial of a motion to dismiss on due process grounds and also from a denial of a motion to dismiss on double jeopardy grounds. We affirm. The facts insofar as pertinent to this appeal are as follows.

On October 2, 1986, defendant allegedly committed an assault with intent to commit sexual assault in violation of G.L.1956 (1981 Reenactment) § 11–5–1, as amended by P.L.1981, ch. 76, § 1. In April 1987 defendant was sentenced to the Adult Correctional Institutions for an unrelated offense. He was released on January 6, 1989, and on September 1, 1989 (one month before the expiration of the statute of limitations), he received his first notice that he was being charged with the offense of assault with intent to commit sexual assault. The defendant's case was reached for trial on October 22, 1990. Prior to this time, he had made no demand for speedy trial.

However, on October 22 he moved to dismiss for lack of a speedy trial. The motion was argued before the trial justice and denied.

 It is important to note that defendant's argument before the Superior Court was based upon a claimed denial of his Sixth Amendment right to speedy trial as set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See also State v. Wheaton*, 528 A.2d 1109 (R.I. 1987); *State v. Macaskill*, 523 A.2d 883 (R.I.1987); *State v. Anthony*, 448 A.2d 744 (R.I.1982). However, he argued before us that this case was controlled not by the Sixth Amendment guaranty but by the due process principles set forth in *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Consequently we are constrained to conclude that defendant has waived his Sixth Amendment arguments insofar as his brief and oral argument deal solely with the due process claim. Subsequent to the return of the jury's verdict and the granting of a motion for new trial, defendant moved to dismiss on double jeopardy grounds. He argued to the trial justice on November 26, 1990 that in deciding the motion for new trial, the trial justice had in effect granted a judgment of acquittal. The motion was denied. We shall consider these claims in the order in which they are set forth in defendant's brief. Further facts will be supplied as needed to deal with these issues. We shall also consider defendant's motion to exclude the state's brief and preclude counsel for the state from oral argument.

## PRE-ACCUSATORIAL DELAY

 Since this claim was not argued before the trial justice, we would ordinarily remand this aspect of the case to the trial justice so that he might respond to the issues raised. However, we have examined the record of defendant's presentation before the trial justice and find that as a matter of law he could raise no basis for a denial of due process as required by *United States v. Marion, supra.*

In *United States v. Marion* the Court held that the Sixth Amendment was not the appropriate instrument of protection in relation to pre-accusatorial delay. It went on to state that such a claim of pre-accusatorial delay may only be sustained by a showing that the government intentionally delayed to gain some tactical advantage over a defendant or to harass him or her and that there has been actual prejudice to the conduct of the defense. 404 U.S. at 325, 92 S.Ct. at 466, 30 L.Ed.2d at 481–82.

Although the trial justice indicated that there might be some elements of selective prosecution in this case, he found no evidence of deliberate delay or actual prejudice to the defense. Consequently we conclude that defendant has made no showing before us, nor did he present such a showing before the trial justice, that would constitute a denial of due process for pre-accusatorial delay.

## THE DOUBLE JEOPARDY CLAIM

 In passing upon defendant's motion for new trial, the trial justice exercised his independent judgment in evaluating the weight of the testimony and the credibility of the witnesses. He acted as a thirteenth juror in accordance with the mandate of our cases culminating in our holding in *State v. Dame*, 560 A.2d 330, 334 (R.I. 1989).

In passing upon the credibility of witnesses, he focused upon the element of specific intent required by the charge in this case. The evidence of an assault upon the victim was overwhelming. He was found on top of the victim. There was evidence that he had struck and punched her, that he had pulled her pants below her knees. There was also evidence that he had been drinking heavily during the period prior to the assault and that he had jumped completely clothed into a pool at the victim's residence.

The trial justice stated that he did not believe the testimony of certain witnesses who stated that defendant was perfectly sober, that he walked all right, and that his speech was all right. Consequently he determined after this analysis that reasonable minds could not fairly come to differing conclusions on the element of defendant's capacity to form a specific intent. The defendant argues that this finding was

equivalent to granting a motion for a judgment of acquittal. With this contention we must respectfully disagree.

The Supreme Court of the United States has held in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that the double jeopardy clause would bar a second trial after either a trial court or an appellate court determines that the defendant was entitled to a judgment of acquittal even though a motion for new trial was one of the remedies requested by the defendant. This holding was further explained by *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which held that if a court, either trial or appellate, determines that the evidence in a case is legally insufficient to support conviction as opposed to factually insufficient, then a second trial will be barred by double jeopardy principles. In *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), Justice O'Connor, writing for the Court, held that the ordering of a new trial by an appellate court based on the weight of the evidence wherein the appellate court acts as a thirteenth juror will not violate the principles enunciated in *Burks v. United States, supra,* and *Greene v. Massey, supra.* The Court suggested in those two cases that the evidence was legally insufficient to have warranted the submission of the case to the jury in the first instance.

■ In the case at bar the trial justice had denied a motion for judgment of acquittal at the close of the state's case. Our standard to be followed by a trial justice in passing upon a motion for judgment of acquittal is familiar and well-settled. The trial justice in passing upon a motion for judgment of acquittal must view the evidence in the light most favorable to the state, without weighing the credibility of the witnesses and, indeed, giving full credibility to the witnesses for the state and drawing all reasonable favorable inferences therefrom. He or she must then determine whether the evidence so viewed and the inferences drawn therefrom would justify a reasonable juror in finding the defendant guilty beyond a reasonable doubt. If the evidence so viewed would warrant such a finding, the motion for judgment of acquittal must be denied. *See, e.g., State v.*

*Pacheco*, 481 A.2d 1009 (R.I.1984); *State v. Gazerro*, 420 A.2d 816 (R.I.1980); *State v. McGranahan*, 415 A.2d 1298 (R.I.1980). Neither the weight of the evidence nor the credibility of witnesses is to be determined by the court at that time. *State v. Roddy*, 401 A.2d 23 (R.I.1979). However, when the trial justice considers a motion for new trial, his or her function as a thirteenth juror is quite different.

■ As we have said in *State v. Dame*, the trial justice must consider all material evidence in light of the charge to the jury. Applying independent judgment, the trial justice also passes upon the weight and the credibility of the evidence and accepts or rejects conflicting testimony. At that point the trial justice should draw all proper and appropriate inferences from that evidence. Having performed this function, he or she then determines whether he or she is in agreement with the verdict of the jury. If the trial justice is in agreement with the jury, the motion for new trial should be denied. If the trial justice reaches a different conclusion from that of the jury, he or she must then consider whether the evidence is so balanced that reasonable minds might properly come to differing conclusions. The motion for new trial must be denied if the answer to this question is in the affirmative.

However, if the trial justice finds after his or her analysis that reasonable minds could not differ in the exercise of his or her independent judgment and that the verdict is against the fair preponderance of evidence and fails to do substantial justice, then the motion for new trial should be granted. *State v. Dame*, 560 A.2d at 333, and cases cited therein.

Thus it is clear in the instant case that in performing his analysis, the trial justice exercised his independent judgment in accordance with the requirements of our rule. He specifically assessed the credibility of the witnesses and determined that he did not believe certain witnesses who claimed defendant was essentially sober. Thus he was acting as a thirteenth juror and did not determine that the evidence was legally insufficient as would have been the case had he granted a judgment of acquittal.

Therefore, in accordance with the holding of *Tibbs v. Florida* and *Greene v. Massey*, both *supra*, double jeopardy principles do not bar a second trial.

### LATE FILING OF STATE'S BRIEF

■ Immediately prior to oral argument in this case, counsel for the defendant moved that the brief submitted by the state be excluded from consideration and further that counsel for the state should be prevented from presenting oral argument to the court. The grounds for this motion were based upon the late filing of the state's brief. There is no question that the brief of the state was filed late. If counsel for the defendant had requested a continuance so that he might further consider his response in oral argument to the contentions contained in the state's brief, such a request would in all likelihood have been freely granted. However, to apply the drastic remedy set forth in Rule 16(e) of the Supreme Court Rules of Appellate Procedure would have been a disproportionate sanction in light of the circumstances of this case. The workload of the appellate division of the Attorney General's department is extremely heavy. Thus late filings would be more appropriately remedied by granting a continuance to defense counsel as opposed to excluding the brief from consideration or precluding counsel for the state from oral argument. Therefore, we permitted counsel for the state to argue orally and have considered the state's brief in reaching our conclusions in the drafting of this opinion.

For the reasons stated, the appeal of the defendant is denied. The rulings made by the trial justice are affirmed, and the case may be remanded to the Superior Court for a new trial in accordance with the order of the trial justice.