### STATE

v.

### Joseph M. HAYES.

### No. 98–255–C.A.

Supreme Court of Rhode Island.

March 9, 1999.

Aaron L. Weisman, Providence, for plaintiff.

Catherine A. Gibran, Paula Rosin, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Joseph M. Hayes (Hayes or defendant), received a sentence of eighteen months suspended with probation for assault with a dangerous weapon. He appeals from his conviction challenging the denial of his motion for judgment of acquittal. A justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and affirm the judgment of conviction.

The victim, Shawn Diogo, twenty years old at the time of trial, testified that he had been dating Holly Chadwick for approximately three years. Holly was friendly with Hayes, and visited him fairly often. Shawn did not approve of their friendship and on three occasions, prior to the date of the incident at issue, he had driven by defendant's house, seen Holly's car, and entered defendant's house in order to persuade Holly to leave. Holly did not always comply.

Shawn testified at trial that on January 14, 1997, he drove by defendant's house because he "had a feeling [Holly] was inside *** the house." After observing her car, he knocked on the side door, but received no answer. After several minutes of knocking on the door, he walked to the rear of the house to look through one of the basement windows to see if defendant and Holly were in defendant's room together. As Shawn returned to the side of the house, defendant yelled, "Oh what the *** are you doing here?" and immediately struck Shawn in the forehead with a can of soup. Holly followed Shawn to his house, and from there, they went to the hospital where Shawn received nine stitches.

Holly, nineteen years of age, testified that on January 14, 1997, she arrived at defendant's house at 11:15 p.m. and at around midnight, she and defendant heard knocking at the door, but ignored it. After persistent knocking, she stood up and said to defendant, "I'm leaving. I know who it is." She testified that defendant was angry as he went upstairs to the porch in order to "look down to see who [was] at the door;" and that she told him "Joe, I know it's Shawn. I'm just going to leave. I'll take care of it." Holly further testified that defendant responded, "No; no" and "on the way [downstairs] he grabbed something." The defendant then opened the door and said to Shawn "What the *** are you doing here? And he hit him with [the can]."

The defendant did not testify at trial. On or about February 1, 1997, he gave a statement to an officer from the Tiverton Police Department. The officer read from his report at trial the following: The defendant told him that because Shawn had caused trouble twice before, he decided to ignore the knocking. When Holly walked towards the door to his house, he grabbed the soup can because he believed she would open the door and he was afraid of what was going to happen. As he left his house he saw a large

figure rushing towards him from around the corner; he was very scared so he quickly struck the person once in the face with the can.

At the close of the state's evidence, defendant moved for judgment of acquittal. The trial justice denied defendant's motion and entered judgment on the jury's guilty verdict. Shawn admitted that, following the verdict, he called defendant on the telephone and threatened him with bodily injury alleging that he had called Holly at 3:30 one morning. Shawn admitted saying, "Wait until I get my hands on you."

On appeal, defendant argues that the trial justice should have granted his motion for judgment of acquittal because his actions constituted self-defense—he used nondeadly force upon a jealous trespasser who rushed towards him in the middle of the night and who had caused him trouble in the past. He contends that he had an honest and reasonable belief that the blow he administered was necessary to defend himself.

In considering a motion for a judgment of acquittal, a "trial justice must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw therefrom every reasonable inference consistent with guilt." *State v. Mercado,* 635 A.2d 260, 263 (R.I.1993); *State v. Laperche,* 617 A.2d 1371, 1373 (R.I.1992). If the totality of the evidence so viewed and the inferences so drawn would justify a reasonable juror in finding a defendant guilty beyond a reasonable doubt, the motion for judgment of acquittal must be denied. *Laperche,* 617 A.2d at 1373; *State v. Grundy,* 582 A.2d 1166, 1170 (R.I.1990). In reviewing a trial justice's denial of such a motion, this Court applies the same standard as the court below. *State v. LaRoche,* 683 A.2d 989, 995 (R.I. 1996); *State v. Snow,* 670 A.2d 239, 243 (R.I.1996); *Mercado,* 635 A.2d at 263.

In denying defendant's motion for judgment of acquittal, the trial justice reviewed the evidence and concluded that there was no evidence of provocation or aggression by the victim.

"Considering all the evidence in this case, and drawing all reasonable inferences from the evidence, this [c]ourt is satisfied that there is sufficient evidence for the jury to consider, that there is sufficient evidence from which the jury can conclude and draw inferentially that there is proof of guilt beyond a reasonable doubt. The [c]ourt is not satisfied that the defense of self-defense has been established. That would require something more. There's no indication of any provocation, except for the fact that, according to the statement given to [the police officer], this defendant stated he saw a large figure rushing toward him. In the [c]ourt's judgment, that is not sufficient to raise the defense of self-defense under the law of the State of Rhode Island as I view it."

We are of the opinion that the trial justice appropriately analyzed the evidence presented. He found that except for the defendant's statement that he saw "a large figure rushing toward him," that there was no evidence that the victim threatened the defendant sufficiently to raise the issue of self-defense. Based upon this evidence, the trial justice determined that a jury could find the defendant guilty beyond a reasonable doubt. We agree and hold that the trial justice did not err in denying the defendant's motion for judgment of acquittal.

For these reasons, we deny the defendant's appeal and affirm the judgment of conviction.