**FILED**
May 20, 2026 10:00 AM
SX-2020-CR-00166
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| ~~PEOPLE~~ OF THE VIRGIN ISLANDS, | ) | |
| | ) | SX-2020-CR-166 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STUART GARETH DREW, | ) | |
| Defendant. | ) | |
| | ) | |

**Cite as: 2026 V.I. Super 17**

**MEMORANDUM OPINION AND ORDER**

¶1  **PENDING BEFORE THE COURT** is the Defendant's "Motion to Dismiss for Speedy Trial Violation" filed on July 8, 2025. Upon consideration of the *Barker* factors, the Court concludes that the Defendant's Sixth Amendment right to a speedy trial has not been violated. Therefore, the Defendant's Motion to Dismiss will be denied.

**FACTUAL HISTORY AND PROCEDURAL BACKGROUND**

¶2  Defendant was arrested on June 25, 2020, in the midst of the COVID-19 pandemic[1] and charged with two counts of Rape in the First Degree in violation of 14 V.I.C. §1701(a)(2)(3); Assault in the Second Degree/ DV in violation of 14 V.I.C. §296(3) and 16 V.I.C. §91(b)(1); Simple Assault and Battery/ DV in violation of 14 V.I.C. §299(a) and 16 V.I.C. §91(b)(1)&(2); Destruction of Property/ DV in violation of 14 V.I.C. §1266 and 16 V.I.C. §91(b)(9); and Disturbing the Peace; Threats/ DV in violation of 14 V.I.C. §622(1) & 16 V.I.C. §91(b)(11). He was advised of his rights on June 26, 2020. Bail was set at $100,000.00. The Court permitted the Defendant to post $20,000.00 property bond upon the signing of an unsecured bond for the remainder of the bail. As further conditions of bail, the Court ordered that the Defendant reside at 7-7 Est. Strawberry Hill and not leave the island of St. Croix without the Court's permission; report to the Office of Probation every Tuesday telephonically; remain employed; stay a

---

[1] The Court takes notice that at the time of the Defendant's arrest, all in-court hearings and trials were suspended at the Superior Court of the Virgin Islands. Emergency and other constitutionally required hearings were handled remotely. Jury trials first resumed following a February 1, 2022, Administrative Order No. 2022-002 of the Virgin Islands Judiciary permitting trial on a staggered basis. Full operations, including jury trials, resumed several months after.

minimum distance of 1000 feet from the alleged victim; and surrender his passport, among other conditions. Defendant posted bail and was released. On July 15, 2020, he appeared for arraignment at which time he entered a plea of not guilty to each charge and asserted his right to a speedy trial.

¶3      A hearing was held on November 18, 2020, at which the status of discovery was discussed. On February 18, 2021, the Court held a status conference. The parties requested a trial date while they resolved the matter of missing discovery. On June 23, 2021, Defendant filed a Motion to Produce Medical Records. On August 3, 2021, the Court ordered that the People file their response to the motion within twenty days. The People did not.

¶4      On January 26, 2022, Defendant filed a Motion to Show Cause for the People's failure to comply with the Court's August 3, 2021, order. On March 8, 2022, the Court scheduled a show cause hearing on the motion for March 15, 2022. This prompted the People to respond to Defendant's June 23, 2021, Motion denying possession of the victim's medical records. On March 15, 2022, the defense moved to continue the March 15, 2022, hearing, and the Court granted the motion and rescheduled the matter for April 12, 2022. The April 12, 2022, show cause hearing was rescheduled to April 20, 2022. At the show cause hearing, the Court denied the Defendant's request and ordered the parties to amicably resolve the issue regarding the victim's medical records.

¶5      The case went dormant for over two years. Neither party made any filings between May 2022 and August 2024. Then on September 6, 2024, the Court scheduled a status conference on November 26, 2024. The status conference was later rescheduled by the Court to December 5, 2024. At the December 5, 2024, hearing, the Defendant expressed his speedy trial concerns and gave notice that he would be filing a motion to dismiss. On December 17, 2024, a trial order was issued scheduling the matter for trial on November 10, 2025.

¶6      Six months later, on July 8, 2025, Defendant filed a Motion to Dismiss for Denial of Speedy Trial Rights. On August 25, 2025, Defendant filed a Motion for Bill of Particulars, and a Motion to Compel Medical Records. The Court directed that the People respond to the pending motions within fourteen days of the date of the Order. The People did not file a response to any of the motions.

¶7      On October 28, 2025, the Court held a pretrial conference. The People and defense counsel made oral motions to continue the November 10, 2025, trial. Defendant's motion was predicated on defense counsel's declining health and the People's failure to produce certain medical records. The Court granted the motion. Jury selection and trial were rescheduled to May 4, 2026. The People were also ordered to respond in three days to the motion to provide medical records.

¶8      The final pretrial conference proceeded on April 24, 2026. At the pretrial conference, the People requested continuation, arguing that it was not prepared to proceed to trial on May 4, 2026. Defense counsel also moved to continue the matter since she appeared in the case several days prior and needed additional time to adequately prepare a defense for the Defendant. Because the Defendant joined in the motion to continue given her recent appearance, the Court granted the motion so as not to prejudice the Defendant. The Court rescheduled the matter to November 30, 2026.

## LEGAL STANDARD

¶9      The Sixth Amendment to the United States Constitution provides for the right of every person to a speedy and public trial by an impartial jury.[2] The right to a speedy trial attaches once a defendant has been accused and is measured from the date of arrest or the filing of an information or complaint, whichever comes first, to the date of trial.[3]

¶10      The Sixth Amendment is extended to the Virgin Islands by the 1954 Revised Organic Act of the Virgin Islands and has the same force and effect as in any state.[4] The 1954 Revised Organic Act explicitly states that:

> In all criminal prosecutions the accused shall enjoy the right to be represented by counsel for his defense, to be informed of the nature and cause of the accusation, to have a copy thereof, to have a speedy and public trial, to be confronted with the witnesses against him, and to have compulsory process for obtaining witnesses in his favor.[5]

---

[2] U.S. Const. Amend. 6.

[3] See U.S.C.S. Const. Amend. 6; *Alexander v. Gov't of the Virgin Islands*, 78 V.I. 969, 979 (2024) cert. denied sub nom., *Alexander v. Territory of Virgin Islands*, 145 S. Ct. 243, 220 L. Ed. 2d 69 (2024).

[4] 48 U.S.C. §§ 1541 et seq.

[5] *Id.*

As such, the law is clear that people in the Virgin Islands are equally afforded the right to a speedy trial despite the territory not having a local, speedy trial act.

¶11     In applying the Sixth Amendment standard to a claim of speedy trial violation, the Court shall evaluate four factors initially adopted in *Barker v. Wingo*, 407 U.S. 514 (1972): (1) the length of delay; (2) the reason for the delay; (3) whether the defendant has asserted his or her right; and (4) prejudice to the defendant resulting from the delay.[6] No single factor is dispositive and whether a defendant's right to a speedy trial was violated is based on the totality of the circumstances.[7] The prejudice to the Defendant, however, is given greater scrutiny and weight since it goes directly to the impairment of the Defendant's ability to present a defense.[8]

¶12     For Sixth Amendment violations, the only possible remedy is dismissal.[9] While this remedy has been recognized as "severe and unsatisfactory", the *Strunk* Court pointed out that in cases for violation of constitutional standards, such a severe remedy is not unique but necessary, particularly "in light of the policies which underlie the right to a speedy trial."[10] Thus, should the Court find a Sixth Amendment violation, dismissal of all charges is the only remedy.

## ANALYSIS

### A. THE DELAY IS PRESUMPTIVELY PREJUDICIAL.

¶13     The first step when deciding whether Defendant's speedy trial right has been violated is to determine the length of the delay. The length of delay is measured "from the earlier period of the date of an arrest or the filing of an [information, or complaint]," until the start of trial.[11] This factor acts as a threshold in the Sixth Amendment inquiry because "there must be a delay long enough to be 'presumptively prejudicial.'"[12] The longer the delay, the more "presumptively

---

[6] *Barker*, 407 U.S. at 530. See also, *Francis v. Virgin Islands*, 63 V.I. 724, 746 (2015); *Alexander*, 78 V.I. 969, 978 (reaffirming the application of the four *Barker* factors in the Virgin Islands to a claim of violation of the Sixth Amendment right to a speedy trial).

[7] See *Francis*, 63 V.I. at 755.

[8] *Id.*

[9] *Strunk v. United States*, 412 U.S. 434, 440 (1973) (citing *Barker*, 407 U.S. at 522).

[10] *Id.*

[11] *Carty v. People of the V.I.*, 56 V.I. 345, 365 (2012).

[12] *United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986) (*quoting Barker*, 407 U.S. at 530).

prejudicial" to the rights of a defendant, and the more that weighs in favor of examining the remaining three *Barker* factors.[13] In *Carty*, this Court recognized that a delay of over twelve months is "presumed to be sufficiently prejudicial to require evaluation of the three remaining factors."[14]

¶14    In this case, the Defendant was without a trial date for well over 60 months. Defendant was arrested on June 25, 2020. His first trial date was scheduled for November 10, 2025. The trial was later continued for medical reasons and rescheduled to May 4, 2026. Then, on April 24, 2026, at the final pretrial conference, the People admitted it was not ready for trial. The Defendant had new counsel appear in the matter one week before trial. In order not to prejudice the Defendant, the court continued the matter to November 30, 2026. The Court concludes that the initial four-year delay before the Defendant even got his first trial date is presumptively prejudicial.

### B. THE DELAY IS NON-MALICIOUS AND RELATIVELY NEUTRAL AND DOES NOT WEIGH IN FAVOR OF SPEEDY TRIAL VIOLATION.

¶15    Once the court has determined that the delay is sufficiently lengthy to trigger a speedy trial analysis, it must consider which party is responsible for the delay(s) and why there was a delay. The reason(s) for the delay(s) impacts the weight given a particular delay.[15] Delays attributed to the People weigh in favor of a defendant's speedy trial claim, while delays attributed to the defendant do not.[16] As explained by the United States Supreme Court in *Barker*, different reasons for the delay must be weighed differently.[17] In the Court's evaluation, deliberate attempts by the prosecution to delay the trial in order to hamper the defense weigh heavily against the prosecution.[18] But, neutral reasons such as negligence or overcrowded courts weigh less heavily against the prosecution, and a valid reason, such as tracking down a missing

---

[13] *Doggett v. United States*, 505 U.S. 647, 651-652 (1992).

[14] *Carty, 56 V.I. at 365; see also, Doggett, 505 U.S. at 652* (post-accusation delay is presumptively prejudicial as it approaches one year); *Francis*, 63 V.I. at 748 (an approximately 15-month delay required examination of remaining *Baker* factors).

[15] *Francis*, 63 V.I. at 748.

[16] *Id. (citing Doggett*, 505 U.S. at 657 and *Barker*, 407 U.S. at 531).

[17] *Id.*

[18] *Id.*

witness, need not be given any weight at all.[19] Administrative or institutional delays- such as delays caused by the court - may be attributed to the People, but, due to their neutral rather than deliberate nature, will weigh less heavily in favor of violation.[20]

¶16    In this case, the record shows that approximately four years (forty-eight months) months passed since the Defendant's arrest without a trial date. At the time of his arrest, Defendant was vested with the Sixth Amendment right to a speedy trial. His request for a speedy trial at his arraignment reaffirmed his intention to benefit from this basic constitutional right. On February 18, 2021, the Defendant and the People requested that the Court set a trial date. This is the Defendant's second speedy trial request. Because of the COVID-19 pandemic, the Court could not schedule the trial. The COVID-19 pandemic caused the shutdown of normal court operations.  In-court hearings and jury trials were not being scheduled.  It was not until Administrative Order No. 2022-002 dated February 1, 2022, issued by the Virgin Islands Judiciary, that jury trials were permitted on staggered schedules.  Because this period was beyond the control of the People or the Defendant, this delay will not be considered and weighed against either party for purposes of determining if there was a speedy trial violation and is deemed a neutral factor.

¶17    In December 2024, Defendant renewed his motion for a speedy trial. Within days of the demand, the Court scheduled jury selection and trial for November 10, 2025. There were no objections to the trial date. Approximately two weeks prior to the trial date, defense counsel moved for a continuance, citing his medical ailments and constraints as the reason. The People joined in the motion, and the continuance was granted.  Since both parties requested the continuation of the November 10, 2025 trial date, this factor will be weighed against both parties.

¶18    In this case, a new trial date was scheduled for May 4, 2026. No party objected. During that period, defense counsel passed away.  New counsel appeared for the Defendant days prior to trial. Defense counsel requested a new trial date to allow sufficient time for her to prepare for trial.  The People also moved for a continuance. Neither party objected to the Court rescheduling to a November 30, 2026, trial date. Since both parties requested that the trial be continued, this factor also weighs against the People and the Defendant. Ultimately, the Court finds that there is

---

[19] *Id.*

no evidence that the People were the cause of the delays in the matter being heard at trial. There is also no evidence that the People gained an unfair advantage such that the defense was hampered in preparing or presenting its case. Based thereon, the Court finds that the delays in this case occurred for non-malicious and relatively neutral reasons or at the Defendant's request. Hence, the Court does not weigh this factor in favor of dismissal.

## C. DEFENDANT TIMELY ASSERTED AND PERSISTED IN HIS RIGHT TO SPEEDY TRIAL.

¶19    The third *Barker* factor requires the court to determine whether the Defendant initially asserted his speedy trial rights and continued to maintain that right against all efforts of delay. In assessing this factor, the court considers the defendant's responsibility to assert the right to a speedy trial at every opportunity.[21] In other words, this factor requires a demonstration that the defendant manifested his desire to be tried promptly.[22] When represented by counsel, a defendant shows that he has asserted his speedy trial rights when he can identify by motion or direct evidence his assertion of that right and, when a formal assertion of his rights would render some chance of success.[23] An assertion of speedy trial rights can also be demonstrated in the form of an objection to a continuance.[24]

¶20    Here, Defendant first asserted his right to a speedy trial on July 15, 2020, when he appeared for arraignment. On February 18, 2021, he requested a trial date, which the court accepts as another assertion of his speedy trial right. Then on December 5, 2024, he again demanded a speedy trial and requested a trial date. These instances evidence the Defendant persistence with his right to a speedy trial. The delay in scheduling trial during the first two years after the Defendant arrest, however, was primarily due to the COVID-19 pandemic and the Court's cessation of scheduling jury trials. Eventually, a trial date of November 10, 2025, was set. As stated earlier, this date was continued partly at the Defendant's request. The subsequent May 4, 2026, trial date was also continued at the Defendant's request. Defendant's counsel

---

[20] See *Alexander*, 78 V.I. at 980, 985 (*citing Rodriguez v. People of the Virgin Islands*, 71 V.I. 577, 596 (V.I. 2019)).
[21] *Alexander*, 78 V.I. at 970.
[22] *Id.*
[23] *Id.*
[24] *Id.*

passed away in early January 2026. It took the Defendant four months to have new counsel appear on his behalf. That appearance occurred one week before trial, accompanied with a request for a continuance.

¶21    In July 2025, Defendant moved to dismiss the charges against him on speedy trial grounds. This motion represented the Defendant's fourth assertion of his speedy trial rights in the six years since the inception of this case, but his second in the two years since the Court lifted the COVID-19 pandemic restrictions of in-court hearings and jury trials. The Court is satisfied that Defendant exercised diligence in asserting his right to speedy trial. Therefore, this factor weighs in favor of Defendant.

## D. THERE IS MINIMAL PREJUDICE TO THE DEFENDANT.

¶22    The *Barker* factor of prejudice caused by the delay is the most important of the four and must be demonstrated by the defendant.[25] In evaluating prejudice, the court considers the three interests the right to speedy trial is designed to protect: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.[26] Of these three interests, the most important is limiting the possibility that the defense will be impaired.[27]

### 1. Defendant's Pretrial Conditions are Slightly Prejudicial but are not Oppressive.

¶23    In *Francis*, the Virgin Islands Supreme Court quoted the United States Supreme Court's decision in *Marion*, which found that "[a]rrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends"[28] None of these concerns were raised by the Defendant.

¶24    Here, Defendant appears to argue that the long delay impaired his ability to present a defense, although that argument has not been fully developed. Nonetheless. Giving the Defendant the benefit of the doubt, it appears that he is arguing that while the alleged victim has

---

[25] *Rodriguez*, 71 V.I. at, 610; *Brown*, 55 V.I. at 504.

[26] *Francis*, 63 V.I. at 753-54; *citing Carty*, 56 V.I. at 367.

[27] *Id.*

[28] *Francis*, 63 V.I. at 753-54.

since relocated and moved on with her life, he remains constrained by charges hanging over his head hampering his ability to move forward with his life. The record does not support this argument. First, Defendant did not spend significant time on pretrial detention. He was released before his arraignment and permitted to work with limited restrictions on his daily movements. Second, he was not subjected to a curfew. The only restriction on his movements on island was that he maintains a distance of 1000 feet from the alleged victim. This allowed him to attend religious, social and employment related activities so long as he stayed away from the victim. The Court does not find this oppressive. Third, the other condition that imposed some restrictions was that Defendant had to surrender his passport and could not travel without permission of the Court. However, the record is void of any request for travel modification that was denied. Thus, outside of being aware of pending charges, the Defendant was not subjected to unreasonable restraints on his freedom. Finally, Defendant's pretrial conditions also required him to report to the Office of Probation, but it was by telephone and not oppressive. In total, considering the nature of the charges faced by the Defendant, the pretrial conditions imposed were not restrictive or oppressive and did not preclude the court's consideration of necessary modifications. All circumstances considered; the Court determines that this factor minimally weighs in favor of the Defendant.

2. **Defendant has not Provided any Evidence to Support a Finding that He is Prejudiced from having to Live in a State of Prolonged Anxiety, Suspicion, and Hostility.**

¶25    Since June 26, 2020, the Court ordered that the Defendant be released upon the posting of a $20,000 property bond and an $80,000 unsecured bond. He continued to remain in compliance with his release conditions. His release was never under consideration for revocation. Nonetheless, it is settled that even if the accused is not incarcerated prior to trial, he or she still lives "under a cloud of anxiety, suspicion, and often hostility" which must be considered when evaluating prejudice to the defendant.[29] This burden is the Defendant's to establish.

¶26    Here, the Defendant has not met this burden. The Supreme Court in *Rodriguez* was clear that generalized (or no) statements of anxiety will not satisfy this factor:

---

[29] See *Barker*, 407 U.S. at 533; *Marion*, 404 U.S. at 320.

[H]e cannot rely on "[v]ague allegations of anxiety to state a cognizable claim" under the Sixth Amendment. *Hakeem*, 990 F.2d at 762; *accord United States v. Simmonds*, 536 F.2d 827, 832 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976); *United States v. Shepherd*, 511 F.2d 119, 123 (5th Cir. 1975); *State v. Flowers*, 503 A.2d 1172, 1178 (Conn. 1986); *Wasson*, 879 P.2d at 422; *State v. Bailey*, 572 A.2d 544, 556 (Md. 1990). Instead, he needs to demonstrate a "particular prejudice," *Francis II*, 63 V.I. at 754; *accord Turner v. United States*, 622 A.2d 667, 679 (D.C. 1993), such as a "severe mental disturbance," *United States v. Dreyer*, 533 F.2d 112, 116–17 (3d Cir. 1976); *see State v. Wheaton*, 528 A.2d 1109, 1111–12 (R.I 1987) (explaining that defendant demonstrated prejudice where testimony described "the deterioration of defendant's mental and physical well-being"), or some other "specific impact on his health or personal or business affairs" caused by the delay. *Gayden v. United States*, 584 A.2d 578, 585 (D.C. 1990) (alteration, citation, and internal quotation marks omitted); *see Morris v. Wyrick*, 516 F.2d 1387, 1391 (8th Cir. 1975) (explaining that anxiety and concern do not establish prejudice, where "the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances"); *Weis v. State*, 694 S.E.2d 350, 362 (Ga. 2010) ("[A]nxiety and concern will not weigh in a defendant's favor in the absence of unusual circumstances suggesting he suffered excessive anxiety and concern impacting his health or finances."). And as the Superior Court correctly found, Rodriguez's assertions that he was "miserable" and "anxious" are insufficient under this particularity standard. *Rodriguez II*, 2012 WL 12896259, at *5; *see Jackson*, 542 F.2d at 409 ("Allegations of anxiety and depression alone ... do not result in a constitutional violation."); *United States v. Avalos*, 541 F.2d 1100, 1115 (5th Cir. 1976) (same); *United States v. Graham*, 538 F.2d 261, 265 (9th Cir.) (same), *cert. denied*, 429 U.S. 925 (1976); *Bailey*, 572 A.2d at 556 (same).[30]

The Defendant in this case has not placed on the record any evidence that suggests that the pretrial conditions under which Defendant was placed or the delay caused him to live under a cloud of anxiety, suspicion, and often hostility. Absent an affirmative showing, the Court finds that this factor weighs minimally in favor of granting the Defendant's motion.

### 3. The Defendant has not Shown a Particularized Harm to His Ability to Receive a Fair Trial and Levy a Proper Defense.

¶27    In considering whether a defendant was prejudiced, the most important consideration is whether the defendant can point to a particularized harm to his or her ability to receive a fair trial

---

[30] *Rodriguez*, 71 V.I. at 611.

and levy a proper defense. [31] It is not enough to simply claim harm, but the defendant must identify that harm and explain how that harm has hampered his ability to advance a defense.

¶28    In this case, Defendant has not shown that his pretrial conditions have significantly screeched his life to a halt such that his financial challenges have impacted his ability to secure a proper defense. Although Defendant is represented by retained counsel, he has not argued that he has had to incur additional expenses because of the delays or could not afford legal representation because of the delay. In fact, Defendant has not mounted a defense that the current pretrial conditions and delay have impeded his ability to have a fair trial. Since the Defendant is unable to point to a particular prejudice that impacted his ability to receive a fair trial, the Court finds that the Defendant has not met his burden to prove prejudice on this issue. This factor weighs in favor of dismissing Defendant's motion.

## CONCLUSION

¶29    In balancing the four *Barker* factors and viewing the totality of the circumstances in this case, the Court concludes that Defendant has failed to prove that his speedy trial rights under the Sixth Amendment were violated. While the delay is presumptively prejudicial, the reasons for the delays were not intentional, and in some instances, neutral at best. Finally, Defendant has not met his burden of showing that he was prejudiced by the delay.

Accordingly, it is hereby,

**ORDERED** that the Defendant's Motion to Dismiss for Speedy Trial Violation is **DENIED**.

**DONE AND SO ORDERED** this _15_ day of May 2026.

HON. YVETTE ROSS-EDWARDS
Superior Court Judge

**A T T E S T :**
**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk XX
Dated: _5/20/2026_

---

[31] See *Alexander*, 78 V.I. at 987; See also *Barker*, 407 U.S. at 534 (giving more weight to prejudice against the defense rather than prejudice related to pretrial conditions or anxiety).